UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelli R. H.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:21-cv-1097

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Kelli H. ("Plaintiff") filed for review of the Commissioner of Social Security's ("Commissioner") denial of benefits. Compl., ECF No. 4. In her Statement of Specific Errors, Plaintiff alleged the Administrative Law Judge ("ALJ") erred at Step Five of the sequential evaluation process by relying on the testimony of a vocational expert ("VE") that Plaintiff could perform other work in the national economy. Stmt. Specific Errors 7–12, ECF No. 18. Specifically, Plaintiff complained about the ALJ's second hypothetical question to the VE and the jobs the VE opined such a hypothetical claimant could perform. *Id.* Plaintiff argued that the VE incorrectly testified that a claimant described in hypothetical two could perform three jobs—surveillance system monitor, addressor, and document preparer—and those jobs existed in significant numbers in the national economy. *Id.* She contended that her representative submitted post-hearing evidence to the ALJ that contradicted the VE's testimony regarding the number of those three jobs available in the national economy, when one accounts for the

limitations contained in the RFC. *Id.* She contended the ALJ erred in ignoring that post-hearing evidence and adopting the VE's testimony that those three jobs exist in significant numbers in the national economy. *Id.* Additionally, Plaintiff argued that the structure of the Social Security Administration violated the separation of powers doctrine and, thus, rendered the denial unconstitutional. *Id.* at 12–16.

On July 19, 2022, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 20. The R&R spent approximately five pages analyzing whether the ALJ's conclusion that the jobs of surveillance system monitor, addressor, and document preparer existed in significant numbers in the national economy. *Id.* at 9–15. The R&R also concluded there was no violation of the separation of powers doctrine. *Id.* at 16–19.

Plaintiff timely objected, Obj., ECF No. 21, and the Court therefore reviews de novo the portion of the R&R that was properly objected to. *See* Fed. R. Civ. P. 72(b)(3).

As a preliminary matter, Plaintiff does not object to the R&R's recommendation concerning the separation of powers argument, and the Court does not review that recommendation.

The Court therefore turns to Plaintiff's objection regarding the VE's testimony. As noted above, the Statement of Specific Errors complained only

about the ALJ's second hypothetical to the VE, in response to which the VE identified the jobs of surveillance system monitor, addressor, and document preparer. Stmt. Specific Errors 7–12, ECF No. 18. She argued *those* jobs do not exist in sufficient numbers in the national economy to support a finding that Plaintiff could perform other work. *Id.*

The objection, however, argues only that the VE was not qualified to opine in response to the ALJ's *first hypothetical*. Obj. 2–4, ECF No. 21. In response to that hypothetical, the VE opined that Hypothetical Claimant Number 1 could perform the jobs of mail room clerk, cafeteria attendant, and office helper. Hr'g Tr. 27, ECF No. 15 at PAGEID # 1290. The entire objection argues the VE was not sufficiently experienced with the work of a cafeteria attendant to render an opinion about whether Hypothetical Claimant Number 1 could perform that job. *Id.*

The objection is overruled as both irrelevant and forfeited.

The objection is irrelevant because the ALJ did not base her conclusion that Plaintiff could perform other work in the national economy on the first hypothetical but rather relied on the VE's answer to the second hypothetical. In other words, the ALJ concluded Plaintiff could perform the work of surveillance system monitor, addressor, or document preparer *not* mailroom clerk, office helper, or cafeteria attendant. ALJ Dec. 18, ECF No. 12-2 at PAGEID # 78.

In any event, this objection was not raised in the Statement of Specific Errors and is, therefore, forfeited. *See, e.g., Doss v. Corizon Med. Corp.*, No. 21-

Case No. 2:21-cv-1097         Page 3 of 4

1423, 2022 WL 1422805, at *2 (6th Cir. Mar. 15, 2022) (explaining that a party's argument "first raised . . . in his objections to the magistrate judge's report" was forfeited); *Steele v. Jenkins*, No. 17-4171, 2018 WL 2144073, at *4 (6th Cir. Mar. 5, 2018) (stating the petitioner presented an argument "for the first time in his objections to the magistrate judge's report and recommendation. He therefore has waived review of this claim." (citation omitted)); *Julie P. v. Comm'r of Social Sec.*, No. 2:21-cv-4170, 2022 WL 3083523, at *1 (S.D. Ohio Aug. 3, 2022) ("To the extent Plaintiff's objection was not raised in her Statement of Specific Errors, Plaintiff waives the argument." (citation omitted)).

Plaintiff's objection, ECF No. 21, is therefore **OVERRULED**, and the R&R is **ADOPTED**.

The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**